UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04155-RGK-MAA | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Federal Trade Commission et al v. Frontier Communications Corporation et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss the Complaint [DE 44]

## I. INTRODUCTION

The Federal Trade Commission ("FTC"), and the states of Arizona, California, Indiana, Michigan, North Carolina, and Wisconsin (collectively, "Plaintiffs") filed a Complaint against Frontier Communications Corp., Frontier Communications Parent, Inc., Frontier Communications Intermediate, LLC, and Frontier Communications Holdings, LLC (collectively, "Defendants," or "Frontier"), alleging sixteen claims arising from Frontier's alleged advertising, marketing, sales, and billing practices related to Frontier's provision of residential digital subscriber line ("DSL") internet service to approximately 1.3 million consumers across 25 states. The FTC's claims arise from Frontier's nationwide conduct, whereas the State Plaintiffs' claims arise from Frontier's conduct within their respective states.

Presently before the Court is Defendants' Motion to Dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). For the reasons that follow, the Court **GRANTS in part and DENIES in part** Defendants' Motion.

## II. FACTUAL BACKGROUND

The following factual background is drawn from Plaintiffs' complaint:

Defendant Frontier Communications Corp. is a Delaware corporation with its principal place of business in Connecticut. On April 30, 2021, Frontier Communications Corp. emerged from bankruptcy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04155-RGK-MAA | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Federal Trade Commission et al v. Frontier Communications Corporation et al* | | |

proceedings as the following reorganized entities: Frontier Communications Parent, Inc., Frontier Communications Intermediate, LLC, and Frontier Communications Holdings, LLC.[1]

Frontier provides internet service to approximately 1.3 million consumers across 25 states using DSL technology, which transmits data over copper telephone wires. Frontier has in numerous instances nationally advertised, marketed, offered, and sold residential DSL Internet service in tiers corresponding to "speeds" or "max speeds." The higher-speed tiers are generally more expensive than the lower-speed tiers.

Frontier frequently quantifies the download speeds of its various DSL internet tiers in Megabits per second, or "Mbps." Defendants associate their DSL internet offerings with download speeds not only in advertisements, but also when Defendants' representatives sell internet service packages to consumers over the phone or internet chat on Frontier's website.

Defendants and their representatives have offered and sold DSL internet service to many consumers at speeds that Defendants never actually provide to those consumers, without meaningfully disclosing this fact. Defendants limit the speeds they provide to consumers, preventing them from ever receiving service in excess of the provisioned speed. Furthermore, other technical limitations known to Frontier and within its control prevent many consumers from ever receiving the speeds they have been sold. Thousands of consumers nationwide, and within the Plaintiff states, have complained that Defendants did not provide the internet speeds that they have paid for. According to a 2019 analysis commissioned by Frontier, approximately 440,000 of Frontier's DSL subscribers were "potentially" "oversold" on speed tiers that exceeded the actual speeds that Frontier provided them.

Frontier's conduct, Plaintiffs allege, violates various provisions of the Federal Trade Commission ("FTC") Act, and consumer protection laws of the six Plaintiff states.

### III.   JUDICIAL STANDARD

####    A.   Rule 12(b)(2): Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm*, 503 F.3d 1050, 1056

---

[1]   All Defendants are alleged to be Delaware corporations with their principal places of business in Connecticut.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04155-RGK-MAA | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Federal Trade Commission et al v. Frontier Communications Corporation et al* | | |

(9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, the Court "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a *prima facie* showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995); *see also Sher v. Johnson*, 911 F.2d 1356, 1361 (9th Cir. 1990). Although the plaintiff cannot "simply rest on the bare allegation of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1997); *see also Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

### B.     Rule 12(B)(6): Failure to State a Claim Upon Which Relief Can be Granted

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV.    DISCUSSION

Frontier moves to dismiss all sixteen of Plaintiffs' claims for lack of personal jurisdiction pursuant to Rule 12(b)(2), and for failure to state a claim pursuant to Rule 12(b)(6). The Court addresses personal jurisdiction first before turning to whether Plaintiffs have adequately pleaded their claims under Rule 12(b)(6).

### A.     Personal Jurisdiction

Personal jurisdiction may stem from either general jurisdiction or specific jurisdiction. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). The parties do not dispute that Defendants are not subject to general jurisdiction in California. Thus, to survive Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04155-RGK-MAA | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Federal Trade Commission et al v. Frontier Communications Corporation et al* | | |

Motion, Plaintiffs must make a *prima facie* showing that specific jurisdiction exists. *See Caruth*, 59 F.3d at 128.

For a court to exercise specific jurisdiction over an out-of-state defendant, both the forum's long-arm statute and the Due Process Clause of the United States Constitution must be satisfied. *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute extends to the limits imposed by the Due Process Clause. *See* Cal. Civ. Proc. Code § 410.10. Accordingly, when determining personal jurisdiction over an out of state defendant, like Frontier, federal courts in California must comport with due process. The Due Process Clause protects a defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269–70 (9th Cir. 1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985)). Courts apply a three-part test to determine if a defendant has such contacts, ties, or relations to the forum state:

> (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). The plaintiff bears the burden on the first two elements, while the defendant bears the burden on the last element. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If any of the elements of the minimum contacts test is not satisfied, "jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk*, 52 F.3d at 270–71.

Here, Defendants argue that Plaintiffs' "complaint should be dismissed" because "there is no personal jurisdiction over any of the defendants." (Motion at 8). Defendants' blunt framing of their jurisdictional argument ignores the reality that personal jurisdiction over a defendant is assessed "with respect to each claim." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977). The Court considers whether Defendants are subject to personal jurisdiction with respect to the FTC's claims, California's claims, and the non-California State Plaintiffs' claims in turn.

    1.    *Personal Jurisdiction over Defendants with Respect to the FTC's Claims*

The FTC alleges claims for misrepresentation of DSL internet billing speeds in violation of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04155-RGK-MAA | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Federal Trade Commission et al v. Frontier Communications Corporation et al* | | |

FTC Act, 15 U.S.C. § 45(a), and unfair billing practices in violation of the FTC Act, 15 U.S.C. § 45(a), (n). For the reasons that follow, the Court has personal jurisdiction over Defendants with respect to the FTC's claims.

The FTC Act authorizes nationwide service of process. *See* 15 U.S.C. § 53(b). Accordingly, the inquiry of whether Frontier has sufficient minimum contacts is nationwide in scope, *i.e.*, whether Frontier's challenged conduct amounts to "sufficient 'national contact' to establish personal jurisdiction[.]" *Fed. Trade Comm'n v. Consumer Def., LLC*, 772 F. App'x 508, 509 (9th Cir. 2019).

Plaintiffs allege, among other contacts, that Defendants provide internet service to approximately 1.3 million consumers across 25 states using DSL technology. Plaintiffs further allege that Defendants associate their DSL internet offerings with false download speeds in advertisements and when Defendants' representatives sell internet packages to consumers over the phone or internet. These allegations of targeted false marketing and pervasive sales nationwide amount to sufficient minimum contacts to render Defendants amenable to personal jurisdiction nationwide as to the FTC's claims.

Defendants do not seriously dispute that their alleged nationwide contacts, if proven, would subject them to personal jurisdiction nationwide. Instead, Defendants assert that they are simply not responsible for the alleged misconduct in this case because they "are only holding companies that do not engage in the activity challenged[.]" (Motion at 2). Rather, Defendants assert, Frontier subsidiary Citizens Telecom Services Company LLC is "responsible for all digital display advertisements, direct mail advertisements, and point of sale advertising (whether over the phone or on the website), pricing of internet services, and sending monthly bills to consumers." (*Id.* at 4). And various local Frontier subsidiaries in each of the six Plaintiff-states are the entities responsible for the actual provision of telecommunication and internet services to clients. (*Id.*)

Plaintiffs rejoin that, holding companies though they may be, Defendants are still directly responsible for the misconduct alleged in the Complaint. A parent company is directly liable for its own actions where "the alleged wrong can seemingly be traced to the parent through the conduit of its own personnel and management" or "the parent is directly a participant in the wrong complained of." *United States v. Bestfoods*, 524 U.S. 51, 64 (1998) (citation omitted). Here, the Court finds that Plaintiffs have made out a *prima facie* case that Defendants are directly responsible for the misconduct alleged in the Complaint.

In addition to Plaintiffs' plausible allegations that Defendants engaged in the false advertising and provision of slow internet at issue in this case, Plaintiffs also provide affidavits and documentary evidence in support of their assertion that Defendants are more than hands-off holding companies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04155-RGK-MAA | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Federal Trade Commission et al v. Frontier Communications Corporation et al* | | |

For instance, Plaintiffs cite the October 15, 2020 declaration of then senior vice president for Network Operations and Engineering, Scott Mispagel ("Mispagel"), in which Mispagel stated: "I oversee a team of 1,718 dedicated engineers, administrators and technicians who design, implement, architect and oversee Frontier's delivery of high speed internet service via copper wire . . . to 1.4 million households across 25 states." (Mispagel Decl. ¶ 5, ECF No. 54-9). In addition, Mispagel stated that he "oversee[s] the design and implementation of Frontier's rate/reach product matrix, which associates each specific speed tier with an associated loop length (*i.e.*, the distance from the household to the nearest DSLAM), DSLAM equipment and technology, and cable length, gauge, and makeup." (*Id.* ¶ 7).

In his October 15, 2020 declaration, Mispagel stated: "I have been employed by Frontier Communications Corporation ('Frontier') for seven years. My current title is SVP, Network Operations and Engineering." (*Id.* ¶ 2). In a subsequent declaration attached to Defendants' reply, however, Mispagel stated:

> On October 15, 2020, I signed a declaration that said I was employed by Frontier Communications Corporation. I recently learned by reviewing records from our Human Resources Department that the statement was not technically accurate. From those records, I now realize that on October 15, 2020, I was, and I still am, employed by Citizens Telecom Services Company LLC.

(Declaration of Scott Mispagel in Support of Motion to Dismiss ("Second Spagel Decl.") ¶ 2, ECF No. 56-3).

Defendants argue that the work Mispagel described in his October 15, 2020 declaration cannot be attributed to Frontier because, as his second declaration makes clear, Mispagel is "not technically" employed by Frontier Communications Corporation. But Mispagel's confusion as to which entity "technically" employs him indicates that, although the four named Frontier Defendants assert they are "primarily" holding companies (*see* Declaration of Anne C. Meyer in Support of Motion to Dismiss ¶¶ 9–13, ECF No. 44-1), the alleged misconduct of providing slow internet can "seemingly be traced to the parent," Frontier.

The Court also takes judicial notice of the fact that, in an answer filed in a separate action in this district, Frontier Communications Corporation "admit[ted] that it provides internet and telephone services to its customers." (Answer, *Ayer v. Frontier Comms. Corp.*, Case No. 5:16-cv-1946-PA (DB), ¶ 20, ECF No. 27 (C.D. Cal. Apr. 10, 2017)). This admission, though not necessarily conclusive in the present action, belies Defendants' statement that none of the Defendants "advertises, markets, promotes, offers for sale, or sells internet or telecommunications products or services" (Motion at 4), and provides further support for Plaintiffs' *prima facie* case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04155-RGK-MAA | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Federal Trade Commission et al v. Frontier Communications Corporation et al* | | |

Though Plaintiffs provide a host of additional evidence in support of their *prima facie* case, the Court need look no further; at this juncture, Plaintiffs have met their burden through their pleadings and evidence to establish that Defendants are subject to personal jurisdiction with respect to the FTC's claims.

        2.      *Personal Jurisdiction over Defendants with Respect to California's Claims*

Defendants' jurisdictional challenge to the claims brought by California is essentially the same as their challenge to the FTC's claims: none of the Defendants are responsible for the misconduct from which California's claims arise. But just as Plaintiffs have made a *prima facie* showing that Defendants are subject to personal jurisdiction with respect to the FTC's claims, so too with California's claims.

        3.      *Personal Jurisdiction over Defendants with Respect to the Non-California States' Claims*

Finally, Defendants argue that they are not subject to personal jurisdiction with respect to the claims alleged by Arizona, Indiana, Michigan, North Carolina, and Wisconsin (collectively, "the Non-California States"). For the reasons that follow, the Court agrees.

It is undisputed that the Court lacks general jurisdiction and specific jurisdiction over Defendants with respect to the Non-California States' claims. But Plaintiffs assert that the Court may exercise personal jurisdiction over Defendants with respect to these claims under the doctrine of pendent personal jurisdiction. Under this doctrine, a court has discretion to "assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). Courts have discretion "to dismiss the pendent claims where considerations of judicial economy, convenience and fairness to litigants so dictate." *Id.* at 1181 (internal quotations omitted).

Here, though all of Plaintiffs' claims are generally premised on Defendants' alleged advertising, marketing, sales, and billing practices on a nationwide scale, the factual connection between the claims asserted by the various Plaintiff-States is too attenuated to support the exercise of pendent personal jurisdiction over Defendants with respect to the claims asserted by the Non-California States. The facts that are relevant to liability will differ based on the strictures of the various states' laws—conduct that may be deemed actionable under Arizona law for legal injuries sustained by an Arizona consumer may not be actionable under North Carolina for legal injuries sustained by a North Carolinian. (*See* Pls.' Opp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04155-RGK-MAA | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Federal Trade Commission et al v. Frontier Communications Corporation et al* | | |

to Mot. Dismiss at 11 n.9, ECF No. 54-1 (noting that the Arizona Consumer Fraud Act includes a "least sophisticated consumer standard," whereas the North Carolina General Statutes provides that "[a] practice is unfair if it is unethical or unscrupulous, and it is deceptive if it has a tendency to deceive.").

Moreover, even if the factual connection between the Non-California States' claims and the FTC's claims were sufficient to support an exercise of pendant personal jurisdiction over Defendants with respect to the Non-California States' claims, the Court would decline to do so. Courts have discretion "to dismiss the pendent claims where considerations of judicial economy . . . so dictate[,]" *Action Embroidery Corp.* at 1181, and here, judicial economy does not support an exercise of pendent jurisdiction. To exercise pendent jurisdiction with respect to the claims filed by Arizona, Indiana, Michigan, North Carolina, and Wisconsin would require the Court to apply the laws of five states to claims arising from disparate legal injuries with no connection to the state of California. Judicial economy, as well as the interest of comity, favors trying these claims in courts that are familiar with the applicable law in the states where the alleged injuries occurred.

Accordingly, the Court declines to exercise pendent jurisdiction over Defendants with respect to the Non-California States' claims, and therefore **DISMISSES** those claims for lack of personal jurisdiction.

  **B.**  <u>Whether the FTC and California Have Adequately Pleaded Their Claims</u>

Defendants argue that the FTC's and California's claims are subject to dismissal because they fail to establish that Defendants' advertisements would be deceptive to a reasonable consumer. But Defendants would have the Court apply the incorrect legal standard. Throughout their Motion and Reply, Defendants fault Plaintiffs for failing to provide sufficient *evidence* to support their claims, and proffer their own evidence to rebut Plaintiffs' claims. (*See, e.g.*, Motion at 13 ("It should go without saying that the primary evidence in a false-advertising case is the actual advertising itself."); *id.* at 14 ("[T]he best evidence is what the advertising actually says, not a false depiction of the advertising[.]"); Reply at 10, ECF No. 56 ("Plaintiffs' *modus operandi* of ignoring authority and evidence they do not like cannot carry the day.").

But a plaintiff need not provide any evidence at all in order to state a claim upon which relief may be granted and survive a 12(b)(6) motion. Rather, to survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although a court may convert a 12(b)(6) motion to a motion for summary judgment under Fed. R. Civ. P. 56, neither party has requested that the Court do so and the Court declines to treat the present motion as one for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04155-RGK-MAA | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Federal Trade Commission et al v. Frontier Communications Corporation et al* | | |

Applying the 12(b)(6) legal standard, the Court finds that the FTC and California have adequately pleaded the deception element of their claims. Under the "reasonable consumer" standard applicable to the FTC's claims (which, for purposes of this Motion only, Plaintiffs do not dispute applies to California's claims as well), "[d]eception may be found based on the 'net impression' created by a representation." *FTC v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009). Furthermore, "[a] solicitation may be likely to mislead by virtue of the net impression it creates even though the solicitation also contains truthful disclosures." *F.T.C. v. Cyberspace.Com LLC*, 453 F.3d 1196, 1200 (9th Cir. 2006).

Here, Plaintiffs allege that Defendants' physical and online advertisements, as well as representations made by Frontier on sales calls and online chats, are deceptive to the reasonable consumer. For example, Plaintiffs allege that "Frontier has provided consumers DSL Internet service at speeds consistently slower than even the provisioned limits set for those consumers, preventing these consumers from ever, or for more than *de minimis* durations, receiving the maximum speeds Frontier represents these consumers can achieve for the speed tiers to which they subscribe." (Compl. ¶ 74). Plaintiffs further allege that Frontier's advertisements represent that "consumers can receive DSL Internet service 'up to' or 'as fast as' a particular speed quantified in Mbps[,]" (*Id.* ¶ 44), but that Frontier does not provide its customers with internet services at those speeds. If, as Plaintiffs plausibly allege, Frontier does not or cannot provide internet speeds that are "as fast as" Frontier's advertising represents, it is plausible that a reasonable consumer would find such representations deceptive. Accordingly, the Court finds that Plaintiffs have adequately pleaded the FTC's and California's claims.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Frontier's Motion. Specifically, the Court **DISMISSES** the claims alleged by Arizona, Indiana, Michigan, North Carolina, and Wisconsin for lack of personal jurisdiction (counts 3 and 6–16) and **DENIES** Frontier's Motion as to the FTC's and California's claims (counts 1, 2, 4, and 5).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer